UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
09 MAY 28 PM 7:08
U.S. DISTRICT COURT
S.D.N.Y.

| | |
|---|---|
| MBIA INSURANCE CORPORATION and LACROSSE FINANCIAL PRODUCTS, LLC,<br><br>                           Plaintiffs,<br><br>      -against-<br><br>ROYAL BANK OF CANADA and RBC CAPITAL MARKETS CORPORATION,<br><br>                           Defendants. | Civ. No. 09 CV 5044<br><br>**NOTICE OF REMOVAL**<br><br>HON. KENNETH M. KARAS |

      PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Civil Rule 81.1, Defendant Royal Bank of Canada ("RBC") and RBC Capital Markets Corporation ("RBCCMC") hereby give notice of removal of the above-captioned action, which was commenced by the filing of a summons with notice by plaintiffs MBIA Insurance Corporation ("MBIA") and LaCrosse Financial Products, LLC ("LaCrosse") (collectively, "Plaintiffs") in the Supreme Court of the State of New York, County of Westchester on May 22, 2009 under the Index No. 12238/09, to the United States District Court for the Southern District of New York. In support of removal, RBC and RBCCMC state as follows:

      1.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within thirty (30) days of the first date on which any of the defendants was served with a copy of the summons with notice (the "Summons"). RBC and RBCCMC were both served with the Summons on May 22, 2009.

2. The Supreme Court of the State of New York, County of Westchester is located within the Southern District of New York.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all records, order, process and pleadings that have been served on Defendants, and which are known to exist, are attached hereto as Exhibit A.

4. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Westchester County Clerk of the Supreme Court of the State of New York. A copy of the unexecuted Notice of Filing, without attachments, is attached hereto as Exhibit B.

5. By filing this Notice of Removal, Defendants do not waive any available defenses.

## THIS COURT HAS DIVERSITY JURISDICTION

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

7. As set forth more fully below, the proper parties to this action are completely diverse.

8. Upon information and belief, at the time Plaintiffs commenced this action in state court and at the time of removal, Plaintiff MBIA was (and is) a corporation organized under

the laws of the State of New York, with its principal place of business in Armonk, New York, located in Westchester County.

9. Upon information and belief, at the time Plaintiffs commenced this action in state court and at the time of removal, Plaintiff LaCrosse was (and is) a limited liability company organized under the laws of the State of Delaware. Upon information and belief, LaCrosse's principal place of business is in Melville, New York, located in Suffolk County.

10. At the time Plaintiffs commenced this action in state court and at the time of removal, Defendant RBC was (and is) a chartered bank incorporated under the laws of Canada, named in Schedule I to the "Bank Act" (S.C. 1991, c. 46), with its principal place of business in Montreal, Canada.

11. Defendant RBCCMC is not a proper party to this action. At the time Plaintiffs commenced this action in state court and at the time of removal, RBCCMC was (and is) a corporation organized under the laws of the State of Minnesota with its principal place of business in New York.

12. Plaintiffs have improperly joined Defendant RBCCMC in an attempt to defeat diversity jurisdiction and to impede Defendants from removing this action to federal court.

13. Plaintiffs state in the Summons that the action is "to enforce three credit default swap contracts made between Plaintiffs and Defendants Royal Bank of Canada and RBC Capital Markets Corporation" and seek a "judgment declaring that [RBC and RBCCMC have] materially

3

breached" the terms of those contracts. However, RBCCMC is not a party to any of those three contracts and cannot be held liable for any alleged breach of those contracts. (Exhibit A at 2.)

14. The three contracts upon which Plaintiffs claims are based each consist of three documents: (1) an ISDA Master Agreement, (2) a Schedule, and (3) a Confirmation (each, collectively, a "Master Agreement"). The only parties to the three Master Agreements, dated September 23, 2005 ("Master Agreement I"), May 4, 2006 ("Master Agreement II"), and July 5, 2007 ("Master Agreement III") respectively, are LaCrosse and RBC. Indeed, as is clear on the face of the Master Agreements, RBCCMC is not a party to any of the Master Agreements. Copies of the three Master Agreements are attached hereto as Exhibits C, D, and E.

15. MBIA is not a party to the Master Agreements, but executed a Financial Guaranty Insurance Policy (collectively, the "Guaranty Policies") in connection with each of the respective Master Agreements. Those Guaranty Policies provide that MBIA is obligated to pay money to RBC in the event that LaCrosse defaults on its obligation to pay money to RBC under the Master Agreements. RBCCMC is not a party to any of the Guaranty Policies either. Copies of the Guaranty Policies are attached hereto as Exhibits F, G and H.

16. Because RBCCMC is not a party to any of the agreements out of which Plaintiffs' breach of contract claims purportedly arise, Plaintiffs cannot state a cause of action against it in state court. See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir.2004), cert. denied, 544 U.S. 949, 125 S.Ct. 1704, 161 L.Ed.2d 525 (2005) ("courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that

the claims against that defendant could be asserted in state court"); Pampillonia v. RJR Nabisco, Inc. 138 F.3d 459, 461 (2d Cir. 1998) (same).

17. RBCCMC is merely a nominal defendant, with no connection to the purported controversy, and against whom Plaintiffs cannot properly assert their claims in state court. Accordingly, RBCCMC's presence in New York does not defeat this Court's jurisdiction over the action. See Pampillonia, 138 F.3d at 461 ("[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy.") Indeed, "[i]t is a well-settled principle that 'the citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.'" Matsumura v. Benihana Nat'l Corp., 2007 WL 1489758 at *3 (S.D.N.Y. May 21, 2007) citing Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980).

18. Plaintiffs seek relief that, upon information and belief, would confer a benefit on Plaintiffs that has a value in excess of $75,000.

## ALL PROPERLY SERVED DEFENDANTS CONSENT TO REMOVAL OF THIS ACTION

19. To the extent that the consent of all properly served defendants is required, all such properly served defendants in this action join in and consent to this removal. See Zerafa v.

Montefiore, 403 F.Supp.2d 320, 328 (S.D.N.Y. 2005) ("An exception to the general requirement [of unanimity] occurs where the nonjoining defendant is nominal.")

## CONCLUSION

For the foregoing reasons, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and pursuant to Local Civil Rule 81.1, this Court has jurisdiction over this action and this action is properly removed from the Supreme Court of the State of New York, County of Westchester to the United States District Court for the Southern District of New York.

Dated:   New York, New York
         May 28, 2009

CHADBOURNE & PARKE LLP

By _____
Scott S. Balber (SB-5807)
A Member of the Firm
Attorneys for Royal Bank of Canada and
  RBC Capital Markets Corporation
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100